DIAZ, J.,
dissenting.
¶ 24. The majority finds that the chancellor sufficiently considered C.L.B.’s mental state at the time of the adoption and did not commit a clear error of judgment in affirming the adoption. Because I would find that the chancellor did not fully consider C.L.B.’s mental state at the time of the adoption, I respectfully dissent.
¶ 25. The facts of this case are troubling. C.L.B. was obviously suffering from a flawed mental state after the birth of her child. She had lost contact with her own family and friends and lived with and depended upon her in-laws. Evidence of C.L.B.’s psychological problems began only a few weeks after the birth when she attempted suicide. At that point, C.L.B. was diagnosed with depression and prescribed the drug Prozac. Mere weeks after the suicide attempt, C.L.B. approached an attorney, Deborah Avery. C.L.B. informed Avery of the alleged abuse she suffered at the hands of her father and grandmother and asked Avery to find a way to prevent her child from ever having contact with those relatives. Avery rec *987 ommended adoption. Avery treated C.L.B.’s flawed mental state and unusually close relationship with her relatives as a non-issue. Avery, acting as legal counsel for all parties, did not even investigate the matter, nor inform the chancellor prior to final judgment of adoption that the natural mother had recently suffered psychological difficulties.
¶ 26. The lack of consideration given to the matter was improper. C.L.B. put forth evidence of her mental state at the time, but the chancellor failed to fully consider it. I believe this to be reversible error and would reverse the judgment and remand the case for further consideration.
McRAE, P.J., JOINS THIS OPINION.